UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DYLAN ROUTH,

            Plaintiff,

vs.

UNIVERSITY OF ROCHESTER and
SARAH HULBERT,

            Defendants.

**DECLARATION**

6:11-CV-6606-CJS

---

    JEFFREY WICKS, ESQ., under penalties of perjury pursuant to 28 U.S.C. section 1746, states as follows:

1. I am the attorney for the plaintiff herein, Dylan Routh, and make this Declaration in support of the plaintiff's motion for an order granting leave to amend the Complaint previously filed and served in this action, pursuant to Fed. R.Civ. P. 15(a)(2). The proposed First Amended Complaint is submitted herewith as **Exhibit A**.

2. On December 12, 2011, the original Complaint in this action (Document No.1) was filed with this Court. At that time, the plaintiff, who is not an attorney, was representing himself *pro se*.

3. Subsequent to the service of the Complaint upon the defendants, rather than file answers, respective counsel for the defendant University of Rochester and Sarah Hulbert moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (See Docket Nos.9 and 12, filed February 2, 2012 and February 3, 2012, respectively).

4. By a Notice of Motion and supporting papers filed March 26, 2012, the plaintiff (and his former co-plaintiff) applied for leave to file a First Amended Complaint (See Docket No.26, 2012).

5. Upon information and belief, to date no decision has been rendered with respect to the plaintiff's previous motion to amend.

6. By this motion, Plaintiff Dylan Routh hereby withdraws his previous motion to amend the complaint.

7. I respectfully submit that the plaintiff's motion should be granted, in accordance with Fed. R.Civ. P. 15(a)(2), which directs that "[T]he court should freely give leave when justice so requires."

8. The defendants will suffer no prejudice as a result of this amendment. No Rule 16 conference has yet taken place; no scheduling order has been issued by the Court; and no discovery has yet been undertaken by any party.

9. In addition, the proposed amended complaint dramatically reduces the number of causes of action pleaded, from seventeen to five.

10. The amendment of the complaint will not be futile. To the extent that the defendants' objections to the legal sufficiency of the original complaint had merit, the proposed amended complaint has been drafted so as to overcome such objections.

11. Based upon the foregoing, the plaintiff respectfully moves this Court for an order granting leave to amend the Complaint previously filed and served in this action, pursuant to Fed. R. Civ. P. 15(a)(2).

12. Finally, we join in the motion previously made by counsel for the Defendant Hulbert to seal the pleadings in this case and would join in any future motion to seal the proposed Amended Complaint.

Dated: May 16, 2013

s/Jeffrey Wicks<br>
JEFFREY WICKS