UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DYLAN ROUTH,

                        Plaintiff,                  **MEMORANDUM OF LAW**

vs.

                                                  6:11-CV-6606-CJS

UNIVERSITY OF ROCHESTER and
SARAH HULBERT,

                        Defendants.

---

## **PRELIMINARY STATEMENT**

This Memorandum of Law is submitted on behalf of the plaintiff, Dylan Routh, in support of his motion to amend the complaint in this action (Docket #34) and in response to the opposition to this motion submitted by the defendants University of Rochester (hereafter "defendant University") (Docket #36) and Sarah Hulbert (hereafter "defendant Hulbert") (Docket #37). As set forth more fully below, the plaintiff respectfully submits that the amendment of the complaint would not be futile since it states viable causes of action against the defendants and that the liberal rules governing the amendment of pleadings mandate that the plaintiff's motion to amend be granted.

# ARGUMENT

## POINT I

### THE PLAINTIFF HAS ADEQUATELY PLEADED A CAUSE OF ACTION FOR BREACH OF AN IMPLIED CONTRACT BY THE DEFENDANT UNIVERSITY

The law is well-settled that, absent consent of the parties, the court should "freely grant" leave to amend a complaint unless, as alleged herein by the defendants, the proposed amendment is futile. Fed. R. Civ. P. 15(c); *Doe v. Cuomo*, 2013 U.S. Dist. LEXIS 40899, AT *24 (N.D.N.Y. 2013), citing *Foman v. Davis*, 371 U.S. 178, 182 (1962). In assessing whether or not a proposed amendment would be futile, the standard is whether or not a proposed amendment could withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Rusyniak v. Gensini*, 629 F. Supp. 2d 203, 217 (N.D.N.Y. 2009). In addition, such futility only exists where it is "beyond doubt that the plaintiff can prove no set of facts in support of his amended claims." *Pangburn v. Culbertson*, 200 F.3d 65, 70-71 (2d Cir. 1999). By this standard, the defendants' opposition to the proposed amended complaint is unfounded.

The defendant University's first assertion is that the plaintiff's asserted cause of action for breach of contract is subject to dismissal for lack of specificity of the breach. We respectfully submit that the plaintiff has demonstrated both the existence of a contract between himself and the defendant University and a specific breach.

Under the law of the State of New York, "when a student is admitted to an academic institution, an implied contract arises between the student and the institution 'such that if [the student] complies with the terms prescribed by [the institution], he [or she] will obtain the degree which he [or she] sought'". *Matter of Olsson v. Board of Higher Educ. of the City of N.Y.*, 49

2

N.Y.2d 408, 414 (1980), quoting *Matter of Carr v. St. John's Univ., N.Y.*, 17 A.D.2d 632, 633 (1962), *affd* 12 N.Y.2d 802 (1962). Such a contract obliges the institution to conform to its own published documents, such as bulletins. *Sweeney v. Columbia University*, 270 A.D.2d 335 (3d Dept. 2000), citing *Prusack v. State of New York* 117 A.D.2d 729, 730 (2d Dept. 1986).

In the present case, the plaintiff has alleged that the defendant University had a code of conduct which established a requirement that any disciplinary charges be specific and that the charges against him failed to conform to the University's code of conduct (Docket #34, Exhibit A, ¶31). In addition, the plaintiff has alleged that the defendant University's own counsel admitted this failure, stating, in response to the plaintiff's claim that he had inadequate notice of the charges against him, "[y]ou have a valid point about the specificity of the charge letter. We can definitely improve on how those are written." (Docket #34, Exhibit A, ¶32). Despite this written admission, the defendant University refused to provide further specification of the disciplinary charges against the plaintiff. (Docket #34, Exhibit A, ¶33). Contrary to the defendant University's argument, the plaintiff has clearly set forth the terms of the contract and the specific breach by the University. Consequently, his action for breach of contract is not subject to dismissal.

## POINT II

### THE PLAINTIFF HAS ADEQUATELY PLEADED A CAUSE OF ACTION FOR RELIEF PURSUANT TO C.P.L.R. ARTICLE 78

The defendant University's argument that an Article 78 proceeding "cannot be brought in federal court" overstates the law (Docket #39, p.7). We acknowledge the considerable precedent supporting the contention that an Article 78 proceeding is a creature of New York State law and is more appropriately brought in state court. However, as this Court stated in *Nat'l Fuel Gas*

*Supply Corp. v. Town of Wales,* 904 F.Supp.2d 324, at 335 (W.D.N.Y. 2012), the authorities on this point are not unanimous. *Nat'l Fuel Gas Supply Corp.*, 904 F.Supp. at 335. Indeed, this Court went on to state that the notion that federal courts lacked discretion to entertain supplemental jurisdiction over Article 78 claims is in "some dispute". *Nat'l Fuel Gas Supply Corp.*, 904 F.Supp. at 336, citing *Casale v. Metropolitan Transp. Auth.*, 2005 U.S. Dist. LEXIS 34637 (S.D.N.Y. Dec. 19, 2005). In *Casale,* the federal district court refused to remand back to state court and consequently entertained a hybrid Article 78 petition and section 1983 cause of action, holding that such a petition was a "'civil action' subject to the ordinary rules of federal question jurisdiction." *Casale,* 2005 U.S. Dist. LEXIS 34637 at fn.3.

We respectfully submit that this Court retains discretion to exercise supplemental jurisdiction over the pendent Article 78 state law claims in this case and request that it do so. The lack of unanimity defeats any argument by the defendant University that this claim was brought frivolously or in derogation of existing law (see Docket #36, p.7-8).

## POINT III

### THE PLAINTIFF HAS ADEQUATELY PLEADED A CAUSE OF ACTION AGAINST THE DEFENDANT UNIVERSITY FOR RELIEF PURSUANT TO TITLE IX

The plaintiff has pleaded as a federal claim an allegation that the defendant University discriminated against him on account of his gender by selectively prosecuting him for alleged disciplinary infractions in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. sections 1681-1688 ("Title IX"). As stated in Title IX:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving

Federal financial assistance.

20 U.S.C. § 1681(a) (1988).

It is beyond dispute that Title IX bars the imposition of university discipline where gender is a motivating factor in the decision to discipline. *Yusuf v. Vassar College*, 35 F.3d 709, 715 (2d Cir. 1994). Although facts supporting such a claim must be pleaded, "the pleading burden in this regard is not heavy." *Yusuf*, 35 F.3d at 715. In the present case, the plaintiff alleges that the University violated Title IX by prosecuting him for a violation of the University's code of conduct while simultaneously insulating Ms. Hulbert from a complaint by the plaintiff for engaging in the same conduct for which he was being charged (Docket #34, Exhibit A, ¶88). In response, the defendant University alleges, *inter alia*, that there is no provision in the Standards of Student Conduct for filing a "cross-complaint" (Docket #36, p.8). The defendant University also relies upon a number of factual assertions and exhibits submitted by them in support of their Rule 12(b)(6) motion. See Document #36, p.9.

In the first instance, the University is precluded from submitting or relying upon such extrinsic proof in the context of a Rule 12(b)(6) motion, which, as noted above, is the standard for assessing the futility of a proposed amended complaint. As the Court of Appeals for this Circuit has observed, such motions are limited to the facts alleged in the complaint. *Byrd v. City of New York*, 2005 U.S. App. LEXIS 10820, AT *2-*3 (2d. Cir. 2005). If such materials are to be considered, the motion must be converted into a summary judgment motion and notice be provided to all parties. No such notice has been provided.

Notwithstanding the foregoing objection, the defendant University's argument is without merit. The defendant's assertion that there is no provision in the standards for a "cross-complaint" against Ms. Hulbert flies squarely in the face of their factual assertion that the

5

plaintiff was told that he could assert a claim against her (Compare Document #36, p.8 and p.9). At a minimum, the plaintiff has raised a colorable claim that he was prevented from filing a complaint against Ms. Hulbert for the same conduct for which he was ultimately expelled from the defendant University. The only meaningful difference between the parties with respect to such conduct is that one was male and one was female. As such, this constitutes a claim that gender was a motivating factor in the plaintiff's discipline which entitles him to relief pursuant to Title IX.

### POINT IV

### THE PLAINTIFF HAS ADEQUATELY PLEADED A CAUSE OF ACTION AGAINST THE DEFENDANT HULBERT FOR DEFAMATION

The defendant Hulbert's first argument in opposition to the plaintiff's motion to amend his complaint is that the proposed amendment is futile because the plaintiff allegedly suffered no damage as a result of her defamatory statements. According to defendant Hulbert's theory, the plaintiff supposedly contends in his proposed Amended Complaint that he was only expelled for engaging in consensual sexual conduct with the defendant Hulbert and not because the defendant University believed the plaintiff had sexually assaulted Hulbert (Docket #35, p.4). This is a gross mischaracterization of the Amended Complaint. Quite to the contrary, the Amended Complaint alleges that the defendant Hulbert gave false written and oral statements that the plaintiff "raped her, sexually and otherwise assaulted her and/or engaged in activities without her consent." Amended Complaint, ¶41. The plaintiff does not know which of the defendant Hulbert's statements the defendant University believed, since the Amended Complaint explicitly alleges that the University expelled him without specifying the conduct in which he allegedly

6

engaged or how such conduct constituted a violation of the code of student conduct. Amended Complaint, ¶76. In short, the plaintiff does not know whether he was expelled for consensual or non-consensual conduct. Consequently, the defendant Hulbert's argument that he suffered no damage as a result of her defamatory statements is without merit.

However, the defendant Hulbert's argument suffers from another fatal flaw. By accusing the plaintiff of acts which allegedly constituted the felonies of Rape in the First Degree, Strangulation in the Second Degree, Aggravated Sexual Abuse in the First Degree, Unlawful Imprisonment in the First Degree and Reckless Endangerment in the First Degree (see Amended Complaint, ¶¶29, 31), the defendant Hulbert has committed defamation *per se*, which this Court has held requires no proof of special damages. *Wojtczak v. Safeco Prop. & Cas. Ins. Cos.*, 669 F.Supp.2d 305, 314 (W.D.N.Y., 2009), citing *Liberman v. Gelstein*, 80 N.Y.2d 429, 435 (1992) (defamation *per se* involves statement charging the plaintiff with a "serious crime"). Consequently, even assuming *arguendo* that the defendant Hulbert's defamatory statements were not the cause of the plaintiff's expulsion, he has adequately pleaded a cause of action for defamation *per se*.

The defendant Hulbert next argues that the defamation claim lacks merit because the defamatory statements were made to the University, with whom the defendant Hulbert supposedly shared a common interest in the subject matter. This argument is both premature and lacking in merit. The "common interest" doctrine creates a qualified privilege which must be pleaded as an affirmative defense in the defendant's answer, following which the defendant may make a summary judgment motion in which proof would have to be adduced demonstrating the existence of the common interest. *Garcia v. Puccio*, 17 A.D.3d 199, 201 (1st Dept. 2005). Following such a motion, the burden would then shift to the plaintiff to demonstrate that "the

7

defendant's statements were uttered with malice, which includes either common-law malice (motivated by spite or ill will) or constitutional malice (statements made with a high awareness of their probable falsity)." *Hoesten v. Best*, 34 A.D.3d 143 (2st Dept. 2006), citing *Foster v. Churchill*, 87 N.Y.2d 744, 751-752 (2006). We respectfully submit that, as the *Garcia* court held, the defendant should not be permitted to "short circuit that procedure" by improperly placing on the plaintiff the burden of anticipating the defendant's affirmative defense prior to joinder of issue. *Garcia*, 17 A.D.3d at 201, citing *Demas v. Levitsky*, 291 A.D.2d 653, 662 (3d Dept. 2002), lv dismissed 98 N.Y.2d 728 (2002). As in *Garcia*, it would be error to give "conclusive effect" to the defendant's position that the defendant Hulbert's statements were not made with malice "before any affirmative defense to that effect has been raised in their answer." *Garcia*, 17 A.D.3d at 201, citing *Acosta v. Vataj*, 170 A.D.2d 348 (1st Dept. 1991).

Moreover, we respectfully submit that it cannot be concluded as a matter of law at this juncture that the defendant Hulbert did *not* act with either common-law or constitutional malice. As the plaintiff has alleged in the proposed Amended Complaint, the defendant Hulbert only made her complaints about the plaintiff to the University three days after he advised her that he no longer wished to continue their relationship, despite the fact that the acts in question occurred months before (Amended Complaint, ¶¶16, 17, 29). Assuming, as the Court must, the truth of such factual allegations, we respectfully submit that this is more than sufficient proof that the defendant Hulbert acted with spite and/or ill will in making her defamatory statements, thereby acting with common-law malice. In addition, the defendant Hulbert acted with constitutional malice, since she obviously knew the subject matter of the defamatory statements and, as the plaintiff contends, made them with actual knowledge of their falsity (Amended Complaint, ¶98).

8

Based upon the foregoing, we respectfully submit that the defendant Hulbert cannot avail herself of the affirmative defense of the qualified privilege of common interest. At a minimum, a determination of the viability of such an affirmative defense must await the interposition of such an affirmative defense in the defendant's answer and cannot defeat the plaintiff's motion to amend his complaint.

## POINT V

### THE PLAINTIFF HAS ADEQUATELY PLEADED A CAUSE OF ACTION AGAINST THE DEFENDANT HULBERT FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

In his proposed Amended Complaint, the plaintiff has asserted a New York State law claim against the defendant Hulbert for the intentional infliction of emotional distress ("IIED"). This tort has four elements: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." *Howell v New York Post Co.*, 81 NY2d 115, 121 (1993). The defendant Hulbert contends that her conduct was not sufficiently "extreme and outrageous" to subject her to liability for IIED. We respectfully disagree.

As alleged in the proposed Amended Complaint, the defendant Hulbert did not limit herself to merely making a false claim of rape, assault and similar conduct to the University. (Amended Complaint, ¶102). Indeed, she also made such complaints to law enforcement officials and even went so far to seek a Family Court order of protection, despite the fact that the defendant and the plaintiff lived on opposite coasts, had not seen each other since the plaintiff's expulsion and, in point of fact, the only contact between them had been initiated by the defendant

(Amended Complaint, ¶¶52-54). Under such circumstances, we respectfully submit that the defendant Hulbert's conduct was sufficiently outrageous as to subject her to IIED liability.

## CONCLUSION

Based upon the foregoing, the plaintiff respectfully submits that his motion to amend his complaint should be granted, pursuant to Fed. R. Civ. P. 15, together with such other and further relief as this Court may deem just and proper.

Dated: July 31, 2013

Jeffrey Wicks, PLLC
Attorney and Counselor at Law
Attorney for Plaintiff
36 West Main Street, Suite 101
Rochester, New York 14614
Tel: 585.325.6070
Fax: 585.325.6082
Email: wickslaw@rochester.rr.com